UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES ERNEST RUMSEY, JR., | ) |
| Plaintiff, | ) Case No. 5:06-cv-40 |
| v. | ) Honorable Robert Holmes Bell |
| MARY BERGHUIS, et al., | ) |
| Defendants. | ) |

### **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

### **Discussion**

I.      Factual allegations

Plaintiff is presently incarcerated at the Muskegon Correctional Facility (MCF). In his *pro se* complaint, he sues the following MCF employees: Warden Mary Berghuis; Sergeants Michael Damm and (Unknown) Throne; Corrections Officers (Unknown) Stoner, (Unknown) Kemp, and (Unknown) McCallister; and Nurse John Booth.

In the early morning hours of September 18, 2003, Plaintiff, who suffers from asthma, awakened with excruciating chest pain, shortness of breath, and weakness. He struggled to walk to the housing unit officers' desk. Fearing that he was having a heart attack, Plaintiff described his symptoms to Officers Stoner and Kemp. Officers Stoner and Kemp called the prison's control center and informed Sergeant Throne of Plaintiff's condition but none of the Officers took any immediate action to help Plaintiff.

Soon thereafter, Sergeant Damm entered Plaintiff's housing unit and Officers Stoner and Kemp advised him of Plaintiff's symptoms. Sergeant Damm recommended that Plaintiff go outside for some "fresh air" because medical staff was not yet available. Over the next two hours, Plaintiff's condition did not improve. Despite Plaintiff's numerous requests, Officer Damm failed to take any other action. Officer Damm insisted that Plaintiff could "make it" until morning. At approximately 6:00 a.m., there was a shift change in Plaintiff's housing unit. Without informing the incoming staff of Plaintiff's medical requests, Officers Stoner, Kemp, Throne and Damm left the facility. Around 6:30 a.m., Plaintiff told Officer McCallister of his exigent medical needs. Officer McCallister subsequently issued Plaintiff a pass to go to the infirmary, but failed to provide Plaintiff with any assistance to walk to the infirmary.

At the infirmary, Plaintiff requested emergency assistance. Nurse Booth, however, refused to examine Plaintiff until he finished dispensing daily medications to other prisoners. Plaintiff waited while his chest pain escalated. After examinations by Nurse Booth and a doctor, Plaintiff was ultimately transported to the hospital by ambulance. He was diagnosed with a spontaneous pneumothorax of the left lung, a collapsed lung.

Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff also argues that Warden Berghuis is liable for failing to provide medical personnel to prisoners on a twenty-four hour basis and for failing to implement or establish a policy that prisoners receive medical attention when warranted. Finally, Plaintiff asserts state law claims of negligence, gross negligence, and intentional infliction of emotional distress and pain and suffering.

For relief, Plaintiff requests monetary damages, court costs, attorney fees and interest.

II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has chosen to forego use of the form complaint in this action.

outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff's medical claims are the types of claims that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement") (effective 12/19/03). Plaintiff, however, fails to specifically allege how he exhausted his claims against Defendants Stoner, Kemp, Throne, Damm, McCallister, Booth and Berghuis nor does he attach any Step I, Step II and Step III grievances to his complaint. As the Court previously noted, a prisoner must make particularized averments sufficient for the district court to determine what, if any, claims have been exhausted, *Knuckles El*, 215 F.3d at 642, and against which persons, *Curry*, 249 F.3d at 505. A plaintiff must also attach the decisions reflecting the disposition of his claims or other evidence showing that he has exhausted his remedies to his complaint. *Williams v. McGinnis*, No. 98-1042, 1999 WL 183345, at *1 (6th Cir. Mar. 16, 1999).

Further, Plaintiff failed to indicate whether he pursued the grievances through all levels of review. A plaintiff must pursue all levels of the administrative procedure before filing an action in federal court. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("While we

recognize that plaintiff made some attempt to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed."); *Brown*, 139 F.3d at 1103 (6th Cir. 1998) (prisoners "must allege and show that they have exhausted all available state administrative remedies"); *accord Lutchey v. Wiley*, No. 98-3760, 1999 WL 645951, at *1 (6th Cir. Aug. 13, 1999) (dismissal of claim for lack of exhaustion was appropriate where prisoners failed to complete the review process before bringing their lawsuit); *Larkins v. Wilkinson*, No. 97-4183, 1998 WL 898870, at *1 (6th Cir. Dec. 17, 1998) ("Furthermore, even though Larkins may not have aborted the grievance procedure regarding the ninth cause of action raised in his complaint, such grievance was not resolved prior to the filing of either his complaint or amended complaint and, consequently, is unexhausted."); *Tucker v. McAninch*, No. 97-3880, 1998 WL 552940, at *2 (6th Cir. Aug. 13, 1998) (plaintiff failed to complete the administrative process when he had grieved and appealed to the warden, but had one more appeal remaining to the director of the department). Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies.

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one

complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a).  *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion.  *See Wright*, 111 F.3d at 417.  Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies.  *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee.  *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss his action without prejudice.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.

Date:    April 4, 2006              /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE