UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL CLARK,

    Plaintiff,

v.                                                  Case No. 2:06-cv-40
                                                 HON. ROBERT HOLMES BELL

FERNANDO FRONTERA, et al.,

    Defendants.

_____/

### REPORT AND RECOMMENDATION

Plaintiff is presently incarcerated at the Baraga Maximum Correctional Facility (AMF). In his *pro se* complaint, he sues Dr. Fernando Frontera, M.D., Health Care Manager Gloria Hill, R.N., Former Warden Tim Luoma, and Former Deputy Warden Darlene K. Edlund. Plaintiff's complaint was initially dismissed for failure to exhaust administrative remedies. Plaintiff appealed the dismissal and his case was remanded pursuant to *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007).

In Plaintiff's complaint, he claims that he suffers from severe pain in his back and side, which prevents him from sleeping. Plaintiff states that Defendants deny him any pain medication other than Tylenol, which is completely ineffective. In addition, Plaintiff alleges that he is being denied proper treatment for his Epilepsy, and states that he is experiencing frequent seizures because of the fact that his Epilepsy is not under control. Plaintiff contends that he has been hitting his head on the hard concrete floor during his seizures, which has resulted in various injuries. Plaintiff states that his diet does not allow for snacks, which are needed to maintain his blood sugar. Plaintiff claims that maintaining adequate glucose levels is critical in seizure prevention. For relief, Plaintiff requests compensatory and punitive damages.

Presently before the Court is the Defendants' Motions to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and/or Motions for Summary Judgment, pursuant to Fed. R. Civ. P. 56. (Docket #42, #45, #51, and #92.) Plaintiff and Defendants have filed responses, replies and various other documents and the matter is ready for decision. (Docket #61, #67, #68, #70, #71, #73, #74, #76, and #82.) Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue

of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

In her Motion to Dismiss and brief in support (docket #42 and #43), Defendant Hill contends that she is properly dismissed from this action because she was not personally involved in any of the alleged misconduct.  Liability under Section 1983 must be based on more than merely the right to control employees.  *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).  Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*.  *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325.  A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct.  *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights.  *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985).  However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct.  *Leach*, 891 F.2d at 1246.  Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a

time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Defendant Hill asserts that Plaintiff's only allegation against her is that he mailed her a letter complaining of the care he received for his seizures, and that she failed to respond to Plaintiff's letter. In Plaintiff's response to Defendant Hill's motion, he states that he sought recourse from Defendant Hill for medical problems he was having related to his seizures and that she ignored his requests. Plaintiff then sought relief from the warden of the facility at which Defendant Hill worked. The warden subsequently sent a memo to Defendant Hill and instructed her to investigate and address the matter. Plaintiff argues that this created a duty to act on the part of Defendant Hill and the failure to do so constituted deliberate indifference. In the opinion of the undersigned, Plaintiff is correct. Plaintiff's allegations support a finding that Defendant Hill was personally involved in the alleged misconduct. Therefore, the undersigned recommends that Defendant Hill's motion to dismiss (docket #42) be denied.

In his motion for summary judgment (docket #45), Defendant Frontera contends that Plaintiff failed to exhaust his administrative remedies against him. Defendant Frontera states that of the grievances filed by Plaintiff which relate to his health care, he failed to specifically name Defendant Frontera. Defendant Frontera attaches copies of the grievances to his motion for summary judgment. A prisoner must specifically mention the involved parties in the grievance to alert the prison officials of the problems so that the prison has a chance to address the claims before they reach federal court. *Bell v. Konteh*, 450 F.3d 651, 653 (6th Cir. 2006); *Burton v. Jones*, 321 F.3d 569, 574-75 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

A review of the record for Grievance No. AMF 05090237012D3, reveals that at step I Plaintiff named "Health Care Services" and complained that he was not receiving a special diet, which he believes would help control his seizures. Plaintiff also complains that the cell fixtures in his cell have sharp pointed corners, and that his cell has unpadded concrete floors, so that when Plaintiff suffers a seizure, he is subject to serious injuries. (*See* Defendant Frontera's exhibit B.) As noted by Defendant Frontera, he is not specifically named in the grievance.[1]

In step I of Grievance No. AMF 05080216512D3, Plaintiff states that he has been denied proper medical care for his back and side pain by Health Care and the doctor. Therefore, because Defendant Frontera was the prison doctor, it appears that Plaintiff sufficiently identified

---

[1] In addition, Defendant Frontera claims that Plaintiff's grievance is improper because he gives the date of incident as September 6, 2005, the date of filing as September 8, 2005, and the date that he attempted to resolve the issue as September 2, 2005. However, Plaintiff's grievance was not rejected and was addressed on the merits, so that any question of improper dates need not be considered in the report and recommendation.

- 5 -

Defendant Frontera in this grievance. (*See* Defendant Frontera's exhibit C.) In step I of Grievance No. AMF 05100260212E1, Plaintiff also mentions "the doctor" regarding his claim that he was denied proper medical care for his back pain.

Defendant Frontera claims that Plaintiff failed to pursue any grievances naming Defendant Frontera to step III that relate to the issues of the refusal to move him out of a cell that is unpadded and has sharp fixtures, his requests for a refill of Lactaid, for a medical detail for a snack bag, for hemorrhoid medication/cream, for medication for his stomach problem, and for removal or trimming of toenails. A review of the record reveals that Defendant is correct. Therefore, the only claims which have been exhausted against Defendant Frontera are those involving the allegedly ineffective treatment of Plaintiff's back pain.

With regard to Plaintiff's claim regarding the allegedly ineffective treatment of Plaintiff's back pain, the undersigned recommends that it be dismissed for failure to state a claim. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the

inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at * 4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at * 2 (6th Cir. Apr. 4, 1997). In this case, Plaintiff was receiving Tylenol for his back pain, but claimed that he required stronger medication to relieve his pain. As noted in *Westlake*, 537 F.2d at 860 n. 5, such claims do not rise to the level of an Eighth Amendment violation. Therefore, because Plaintiff's claims against Defendant Frontera are either unexhausted or lack merit, the undersigned recommends that Defendant Frontera's motion (docket #45) be granted.

In Defendant Edlund's brief in support of the motion for summary judgment (docket #52), she claims that Plaintiff did not exhaust his administrative remedies against her. Defendant Edlund claims that none of the grievances filed regarding the issues raised in Plaintiff's complaint specifically identify her as required by MDOC policy. Defendant Edlund attaches copies of three grievances to her brief. All of the grievances offered by Defendant Edlund, No. AMF 050802165, AMF 050902370, and AMF 051002602, deal with the alleged denial of appropriate medical care and safety in Plaintiff's cell. (*See* Exhibits A, B, and C to docket #52.) None of these grievances name Defendant Edlund at step I. A prisoner must specifically mention the involved parties in the grievance to alert the prison officials of the problems so that the prison has a chance to address the claims before they reach federal court. *Bell v. Konteh*, 450 F.3d 651, 653 (6th Cir. 2006); *Burton v. Jones*, 321 F.3d 569, 574-75 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). In order to properly exhaust Michigan Department of Corrections grievance procedures, a prisoner must raise each of his claims for the first time at Step I. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). However, where a prisoner has set forth a claim in his Step I grievance, he may present additional factual detail at Steps II and III that clarify his allegations at Step I, as a means of justifying his appeal. *Id.* Raising allegations against a particular defendant for the first time at Step II or III is insufficient to demonstrate exhaustion. *Id.* at 576 n.4.

In his response (docket #70 and #71) to Defendant Edlund's motion, Plaintiff contends that Defendant Edlund was deliberately indifferent to his serious medical need for a transfer

to a facility that was capable of handling his medical demands. Plaintiff sought a transfer from Defendant Edlund and attempted to file grievances on her on more than one occasion. Plaintiff claims that each time he attempted to file a grievance, the AMF Grievance Coordinator rejected his grievances. Plaintiff claims that documentation of these rejected grievances is in the sole possession of the Grievance Coordinator and Plaintiff is unable to produce them because he cannot utilize the Freedom of Information Act.

In Defendant Edlund's reply to the response to her motion for summary judgment (docket #73 and #74), she states that Plaintiff's only allegation against Defendant Edlund is contained in ¶ 9 of his complaint and states that he mailed a letter to her asking to be transferred to another prison on August 30, 2005, which she failed to do. Defendant Edlund further states that Plaintiff filed nine grievances to step III while he was housed at Baraga Maximum Correctional Facility (AMF) between August 2005 and June 2006. Defendant Edlund attaches a copy of a grievance inquiry for this period in support of this assertion. (*See* Exhibit A to docket #74.)

Defendant Edlund attaches to her reply brief grievance numbers AMF-2005-10-2700-27a, which relates to the alleged denial of a fair hearing for a misconduct ticket, AMF-2005-12-3353-09a, which asserts that the food trays provided to segregation prisoners do not contain enough food, and AMF 2006-06-2078-03b, which asserts that Plaintiff was assaulted by another prisoner. (*See* Exhibits C, D, and E to docket #74.) As noted by Defendant Edlund, none of these grievances relate to Plaintiff's allegations against her.

Defendant Edlund also attaches a copy of the Grievance Category Codes, which explain that the designation of the last three digits of each grievance number relate to specific prisoner claims. For example, the designation "19d" relates to claims asserting the loss or damage

of prisoner property during a transfer within the facility. The designation "15f" relates to claims asserting the non-delivery of prisoner mail, and the designation "14f" relates to photocopies in the prison library. (*See* Exhibit B to docket #74.) Defendant Edlund notes that AMF-2005-09-2499-19d, AMF-2006-01-386-15f, AMF-2005-12-3403-14f, which the grievance inquiry shows were filed by Plaintiff during the pertinent time period, have these designations and, thus, do not relate to his allegations against her.

The undersigned notes that a review of the record shows that Defendant Edlund has adequately supported her contention that Plaintiff failed to file a grievance against her. Plaintiff fails to offer any support of his claim that he attempted to file a grievance against Defendant Edlund, including a copy of a grievance request, documentation that he was on modified access to the grievance procedure, or any other support other than his bare assertions. As noted above, Plaintiff was apparently able to file other grievances. Therefore, the undersigned concludes that Defendant Edlund is entitled to dismissal from this action due to Plaintiff's failure to exhaust his administrative remedies against her. Therefore, the undersigned recommends that Defendant Edlund's motion for summary judgment (docket #51) be granted.

In his motion for summary judgment and brief in support (docket #92 and #93), Defendant Luoma seeks to join in the previous pleadings filed by Defendants Hill and Edlund (docket #42, 43, 51, 52, 73, and 74). Defendant Luoma contends that Plaintiff failed to exhaust his administrative remedies against him. As noted by Defendant Luoma, Plaintiff's claims against him are that he failed to respond to failed to respond to one letter sent by Plaintiff, and that he forwarded another letter from Plaintiff to be answered by a third party. These letters set forth Plaintiff's concerns regarding the lack of safety provisions in his cell, and his desire to be transferred to another

facility.  (*See* Plaintiff's complaint, ¶ 7, ¶ 8 and ¶ 10.)  Defendant Luoma refers to the exhibits offered by Defendant Edlund, which show that only three of the grievances filed by Plaintiff at AMF relate to the allegations set forth in his complaint.  As noted above, these grievances, numbered AMF 050802165, AMF 050902370, and AMF 051002602, deal with the alleged denial of appropriate medical care and safety in his cell.  (*See* Exhibits A, B, and C to docket #52.)  A review of these attachments reveals that Defendant Luoma is not named at step I, nor in any step II or III appeals.  As previously stated, a prisoner must specifically mention the involved parties in the grievance for the first time at step I.  *Bell*, 450 F.3d at 653; *Burton*, 321 F.3d at 574-75; *Curry*, 249 F.3d at 505; *Vandiver*, No. 02-1338, 2002 WL 31166925, at *2.  Therefore, the undersigned recommends that Defendant Luoma's motion for summary judgment (docket #92) be granted.

Finally, the undersigned notes that Plaintiff's pending motions for extension of time to file responses to Defendant Frontera's reply to Plaintiff's response of his motion for summary judgment (docket #80) and to Defendant Edlund's motion for summary judgment (docket #95) lack merit because Plaintiff has already responded to the motions for summary judgment filed by each of these Defendants.  Therefore, the undersigned recommends that Plaintiff's motions for more time (docket #80 and #95) be denied.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to the motions for summary judgment filed by Defendants Frontera, Edlund and Luoma (docket #45, #51, and #92).  Accordingly, it is recommended that these motions be granted.  However, the undersigned notes that Plaintiff has successfully raised a genuine issue of material fact with regard to his claims against Defendant Hill.  Therefore, the undersigned recommends that the court deny Defendant Hill's motion for summary judgment (docket #42).

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: May 23, 2008