UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL CLARK,

    Plaintiff,

v.                                                          Case No. 2:06-cv-40
                                                         HON. ROBERT HOLMES BELL

FERNANDO FRONTERA, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is presently incarcerated at the Baraga Maximum Correctional Facility (AMF). In his *pro se* complaint, he sues Dr. Fernando Frontera, M.D., Health Care Manager Gloria Hill, R.N., Former Warden Tim Luoma, and Former Deputy Warden Darlene K. Edlund. Plaintiff's complaint was initially dismissed for failure to exhaust administrative remedies. Plaintiff appealed the dismissal and his case was remanded pursuant to *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007).

In Plaintiff's complaint, he claims that he suffers from severe pain in his back and side, which prevents him from sleeping. Plaintiff states that Defendants deny him any pain medication other than Tylenol, which is completely ineffective. In addition, Plaintiff alleges that he is being denied proper treatment for his Epilepsy, and states that he is experiencing frequent seizures because of the fact that his Epilepsy is not under control. Plaintiff contends that he has been hitting his head on the hard concrete floor during his seizures, which has resulted in various injuries. Plaintiff states that his diet does not allow for snacks, which are needed to maintain his blood sugar. Plaintiff claims that maintaining adequate glucose levels is critical in seizure prevention. For relief, Plaintiff requests compensatory and punitive damages.

On August 13, 2008, the court dismissed all claims except the Eighth Amendment claim against Defendant Gloria Hill. The court found that Defendant Gloria Hill was personally involved in Plaintiff's care because the Warden had sent a memorandum to Defendant Hill to make a determination regarding Plaintiff's health care needs at the facility. Defendant Hill apparently never made such a determination. Defendant Hill states that she was on vacation at the time the memorandum was sent and that she never saw the memorandum. Defendant Hill believes that another nurse addressed the Warden's memorandum and took care of Plaintiff's Eighth Amendment needs and medical issues.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir.

1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Again, Defendant Hill contends that she is properly dismissed from this action because she was not personally involved in any of the alleged misconduct. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if Plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of Plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a

time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, Plaintiff must show that Defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

In the Report and Recommendation involving Defendant Hill's prior motion on this issue, it was explained:

> Defendant Hill asserts that Plaintiff's only allegation against her is that he mailed her a letter complaining of the care he received for his seizures, and that she failed to respond to Plaintiff's letter. In Plaintiff's response to Defendant Hill's motion, he states that he sought recourse from Defendant Hill for medical problems he was having related to his seizures and that she ignored his requests. Plaintiff then sought relief from the warden of the facility at which Defendant Hill worked. The warden subsequently sent a memo to Defendant Hill and instructed her to investigate and address the matter. Plaintiff argues that this created a duty to act on the part of Defendant Hill and the failure to do so constituted deliberate indifference. In the opinion of the undersigned, Plaintiff is correct. Plaintiff's allegations support a finding that Defendant Hill was personally involved in the alleged misconduct. Therefore, the undersigned recommends that Defendant Hill's motion be denied.

- 4 -

Defendant Hill now argues that she was not at the prison between September 3 and September 8, 2005, and since the memorandum was dated September 6, 2005, it was not her responsibility to comply with the Warden's request because she was not present at the facility on the date that the memorandum was written.  However, Defendant Hill does not point to any evidence which suggests that the Warden's memorandum addressed to her could be ignored if she was not present at the facility between September 3 and September 8, 2005.  The memorandum supports Plaintiff's claim that it was Defendant Hill's responsibility to address Plaintiff's medical problems. Defendant Hill has admitted that she took no action to address Plaintiff's medical issues as instructed in the memorandum.  There exists no reason in the record which could absolve Defendant Hill from addressing the memorandum and properly performing her job.  However, the fact that Defendant Hill did not address the concerns in the memorandum does not end the inquiry.  If Plaintiff's Eighth Amendment needs were actually addressed by the health care staff, there could exist no violation of the Eighth Amendment despite Defendant Hill's inaction.

Defendant Hill argues that Plaintiff's Eighth Amendment medical needs were met at the facility.  The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes.  U.S. Const. amend. VIII.  The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency.  *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976).  The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner.  *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a

> constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at * 4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at * 2 (6th Cir. Apr. 4, 1997).

Plaintiff wanted to be moved to an area without concrete floors or cell fixtures to protect him from injury in the event he had a seizure. Plaintiff was prescribed Dilantin, but he

consistently refused to follow the directions for taking his medication and often refused to take the medication.  The medical records to not support Plaintiff's claim that he needed a padded room or a special diet.  Plaintiff needed to take his medication.  Nevertheless, Plaintiff was given a special accommodation to keep his mattress on the floor to protect him during a seizure.  Dr. Frontera reviewed Plaintiff's treatment plan on August 11, 2005, and concluded that there was no basis to change the course of treatment because Plaintiff was stable without symptoms.  In the opinion of the undersigned, Plaintiff has failed to show that Defendant Hill violated his Eighth Amendment rights.

Defendant Hill also moves for qualified immunity.  Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful.  *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

The procedure for evaluating claims of qualified immunity is tripartite:  First, we determine whether a constitutional violation occurred;  second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether the Plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights.  *Williams v. Mehra*, 186 F.3d 685, 690 (6th

Cir. 1999). In the opinion of the undersigned, Plaintiff has failed to show that Defendant Hill violated Plaintiff's Eighth Amendment rights.

Accordingly, it is recommended that Defendant Hill's motion for summary judgment (Docket #120) be granted, and this case be dismissed. It is further recommended that Plaintiff's motions to appoint counsel (Docket #110 and #111) be denied.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants Defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal. It is recommended that should the Plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   January 23, 2009