UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL CLARK,

        Plaintiff,

                                       File No. 2:06-CV-40

v.

                                       HON. ROBERT HOLMES BELL

FERNANDO FRONTERA, et al.,

        Defendants.
        _____/

## ORDER AND JUDGMENT ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

        On January 23, 2009, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") (Dkt. No. 131) recommending that Defendant Gloria Hill's motion for summary judgment (Dkt. No. 120) be granted, that this case be dismissed, and that Plaintiff's motions to appoint counsel (Dkt. Nos. 110, 111) be denied. Plaintiff filed objections to the report and recommendation on February 9, 2009. (Dkt. No. 135.)

        This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

        Plaintiff objects to the Magistrate Judge's conclusion that he failed to show an Eighth Amendment violation. Plaintiff contends that Defendant Hill's failure to evaluate Plaintiff's

medical condition and to make a determination as to whether his medical needs could be appropriately met at the institution, as directed by the warden, falls within the definition of deliberate indifference and violated Plaintiff's Eighth Amendment rights.

Plaintiff's objections do not address the basis for the Magistrate Judge's conclusion, i.e., his determination that even if Defendant Hill did not personally respond to Plaintiff's healthcare complaints, there was no Eighth Amendment violation because Plaintiff was provided with appropriate medical care by the health care staff. The uncontroverted evidence reveals that the health care staff was addressing Plaintiff's epilepsy by prescribing seizure medication and by allowing Plaintiff to place his mattress on the floor. Plaintiff's assertion that he should have been transferred to a different institution and that he should have been provided a special diet, merely raises a dispute over the adequacy of the treatment. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860, n. 5 (6th Cir.1976)). *See also Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (holding that a challenge to a doctor's medical judgment is at most a medical malpractice claim governed by state law). A prisoner's mere disagreement with a doctor's diagnosis or treatment does not state an Eighth Amendment claim of deliberate indifference to a serious medical need. *Mabry v. Antonini*, 289 F. App'x 895, 902 (6th Cir. 2008); *Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008). The Magistrate Judge correctly concluded

that Plaintiff has failed to show an Eighth Amendment violation. Accordingly,

**IT IS HEREBY ORDERED** that the January 23, 2009, Report and Recommendation of the Magistrate Judge (Dkt. No. 131) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Gloria Hill's motion for summary judgment (Dkt. No. 120) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions to appoint counsel (Dkt. Nos. 110, 111) are **DENIED**.

**IT IS FURTHER ORDERED** that **JUDGMENT** is entered in favor of Defendant Gloria Hill.

This case is **CONCLUDED**.

Dated: April 24, 2009                     /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE